**Sergio SALAZAR–MANZANO, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 04–71108.**

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 16, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Steven A. Seick, Esq., San Diego, CA, for Petitioner.

CAS-District Counsel, Office of the District Counsel, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Anthony T. Sheehan, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM ***

Sergio Salazar–Manzano, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (BIA) adopting and affirming the decision of an immigration judge ("IJ") denying his motion to reopen proceedings in which he was ordered deported *in absentia*. Because the transitional rules apply, we have jurisdiction under 8 U.S.C. § 1105a(a). *See Socop–Gonzalez v. INS*, 272 F.3d 1176, 1183 (9th Cir.2001) (en banc). We review for abuse of discretion the denial of a motion to reopen, *Chete Juarez v. Ashcroft*, 376 F.3d 944, 947 (9th Cir.2004), and we grant the petition for review.

Salazar–Manzano's motion to reopen was based on his former counsel's alleged failure to file a change-of-address form for him with the BIA and the Immigration Court, or to notify him that the BIA had remanded his application for a waiver of deportation. The BIA abused its discretion in failing to credit the version of events outlined in Salazar–Manzano's declaration. *See Monjaraz–Munoz v. INS*, 327 F.3d 892, 896–98 (9th Cir.), *as amended on reh'g*, 339 F.3d 1012 (9th Cir.2003); *Celis–Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir.2002) ("[T]he Board must accept the facts in an alien's affidavit as true unless inherently unbelievable.").

The BIA's reliance on a letter former counsel submitted to the state bar association was misplaced because it was not a sworn statement, and it contained assertions contradicted by the record. At a minimum, the evidence Salazar–Manzano presented warranted a full hearing to determine whether there had been ineffective assistance of counsel (IAC) or other "exceptional circumstances" that would justify reopening. *See Reyes v. Ashcroft*, 358 F.3d 592, 598 (9th Cir.2004) (noting that affidavits supporting motions to reopen based on IAC help the IJ determine whether the claim "warrants a full hearing"); *see also Chete Juarez*, 376 F.3d at 948 (holding that analysis of exceptional circumstances supporting a motion to reopen must consider all compelling circumstances). We remand to the BIA with instructions to remand for further proceedings before the IJ consistent with this disposition.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.